WESSON et al., Respondents, v. HORNER et al., Appellants.

1. To constitute an enforceable contract it must be founded on a valuable consideration, and be certain and definite in its terms.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit by attachment founded on a promissory note. The answer admitted the execution of the note, but alleged by way of defence, in substance, that the plaintiffs and defendants, and divers other creditors of defendants, consulted together in relation to the indebtedness of the defendants to the plaintiffs and the other creditors; that it was understood and agreed between the defendants and those other creditors that they would forbear and give time to defendants to pay the several debts owing to them, and would sell them goods

to enable them to prosecute their trade and business as merchants, provided the plaintiffs would not annoy, harass and disturb them, or in any way prevent them from so doing; that the plaintiffs agreed that if said creditors would sell goods to defendants, they would not sue, attach, or in any other way detain or harass them in prosecuting their business as merchants; that divers of these other creditors did sell defendants goods on credit to the amount $8000, the sales being based on said agreement, and with the understanding that the plaintiffs would not sue, or in any way harass the defendants; that this suit was in violation of the agreement. Defendants pray that proceedings may be restrained until a reasonable time has elapsed to enable them to dispose of said goods.

A motion was made and sustained for judgment as for want of an answer.

*Hudson & Thomas*, for appellants.

*N. Holmes*, for respondents.

I. No agreement is stated in the answer with such certainty as to be capable of being interpreted and enforced against the plaintiffs. It does not definitely appear between what parties the several supposed agreements were made, nor on what considerations, nor from and to whom moving, nor when to be performed. So far as the plaintiffs are concerned the agreement stated is *nudum pactum*, and void for want of any valuable consideration. A moral consideration is not sufficient. Forbearance to sue for a reasonable time may be a valuable consideration for a promise, but here defendants do not promise any thing whatever for the benefit of the plaintiffs, nor is the agreement to forbear, here stated, for any particular time, nor for a reasonable time, but is wholly indefinite.

RYLAND, Judge, delivered the opinion of the court.

The agreement set up in the defendants' answer amounts to no defence to the plaintiffs' action. There is not the

slightest consideration set forth or mentioned moving to plaintiffs for any such promise or agreement; it is a mere *nudum pactum.* The agreement is uncertain and entirely too indefinite even if there was a consideration to support it. The defendants do not promise to do any thing for the plaintiffs' benefit. It seems to us to be a mere sham answer. There is no defence to plaintiffs' action set forth in the answer. The promise, if any was made, seems by the manner of stating it to have been made, not to defendants, but to the other creditors of the defendants. There is nothing in this case. The judgment must be affirmed; the other judges concurring.