JOHN B. HALE, Respondent, v. THE SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1. Insurance: CONSTRUCTION OF POLICY: PLATE-GLASS FRONT: DOORS AND WINDOWS. A clause in a tornado insurance policy provided that plate glass in doors and windows, the dimensions whereof are nine square feet or more, was not covered by insurance on the building, but must be separately and specifically insured. Held, that a plate-glass front which was immovable, and stationary, is covered by the policy, though the glass therein was of greater dimensions than nine feet.

Hale v. The Springfield Fire & Marine Ins. Co.

2. **Definitions:** WINDOWS. A window is an aperture or opening in the wall of a building for the admission of light and air to the interior, and to enable those within to look out.

3. **Insurance:** RULE AS TO THE CONSTRUCTION OF POLICY. If there is a doubt in respect of the meaning of the terms of a clause of an insurance policy, that doubt must be resolved in favor of the interpretation of the assured, although intended otherwise by the insurer.

*Appeal from the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*John L. Mirick*, for appellant.

As the facts stand admitted, the only question presented is, as to the correctness of the finding of the court, that a plate-glass front in a building is not a window. This ruling, we insist, is contrary not only to the intentions of the parties as expressed in the policy, but is at variance with the common understanding of everyone. A window is defined to be, "An opening made in the wall of a house to admit light and air, and to enable those who are in to look out" (2 Bouvier Dict., p. 670), and the size of the opening does not change its character. The rule of construction is that words of common use are to be taken in their natural, plain, obvious and ordinary signification and import. The language of the exception in this policy is so plain that it can have but one meaning, and that is that plate glass of the dimension of nine square feet or more is not covered by the policy, no matter what position it may be in in the building; wherever used it will admit light and be a window. The term "plate-glass front" is only a phrase to indicate the kind of glass in the doors and windows of the front of a building.

*J. W. Sebree* and *A. H. Hale*, for respondent.

A window in ordinary transactions is understood to mean an opening in a building, filled with glass,

intended for light and ventilation, and is movable or portable. Worcester's Dictionary, page 1673, who defines it as follows: "An aperture in the wall of a building for the admission of light and air to the interior and to enable those within to look out." Webster gives substantially the same definition: "An opening in the wall of a building for the admission of light and air when necessary." In this case the statement shows that the glass injured was part of the front of a build-ing—was immovable—and was what is known as a plate-glass front. It had but one of the uses or ele-ments of a window. It afforded light to the building, but could not be used for ventilation. It is a familiar rule in construing contracts that they be taken most strongly against the obligor. In the case of *Ins. Co. v. Wiler*, 100 Ind. 92, the court says: "If a question in the application is ambiguous, or can be answered in more than one way, it should be construed most strongly against the insurer, and all doubts should be resolved in favor of the insured." We submit that the same rule should be applied to words contained in the policy. *LaForce v. Ins. Co.*, 43 Mo. App. 530; *Hoffman v. Ins. Co.*, 32 N. Y. 405; *Reynolds v. Ins. Co.*, 47 N. Y. 597; 1 Wood on Fire Ins. [2 Ed.] sec. 60; May on Insurance [2 Ed.] sec. 175.

SMITH, P. J.—The single question arising on the record in this case is, whether the loss, caused by a wind storm, of a pane of plate glass, nine feet square, in the front of a store building is covered by the terms of a clause in a tornado insurance policy which provides that, "Plate glass in doors and windows, whereof the dimensions are nine feet or more, * * * are not cov-ered by insurance on the building, but must be separ-ately and specifically insured."

A window is defined, by standard lexicographers, to be an aperture or opening in the wall of a building for the admission of light and air to the interior, and to

enable those within to look out. Worcester's Dict.
1673 ; Bouvier's Dict. 670. The plaintiff contends that,
since the glass injured was part of the front of the
building, a plate-glass front which was immovable
and stationary; had but one of the qualities of a
window, *i. e.*, that of admitting light into the building,
but not for ventilation ; that it does not, therefore, fulfill
the definition of a window. It is a matter of common
information that glass enters almost as extensively into
the construction of modern buildings as stone, wood,
iron, etc. Its use is not so restricted in modern archi-
tecture as formerly. There are to be found in almost
any American city houses, into the structure of which
glass so largely enters, that they might without impro-
priety be characterized as "glass houses." These con-
siderations would indicate that the clause in question is
at least susceptible of the interpretation claimed by the
assured. And the rule of construction in such cases is,
that, if there is a doubt in respect to the meaning of the
terms of a clause of an insurance policy, that doubt
must be resolved in favor of the interpretation of the
assured, although intended otherwise by the insurer.
*LaForce v. Ins. Co.*, 43 Mo. App. 530; *Hoffman v. Ins.
Co.*, 32 N. Y. 405 ; *Reynolds v. Ins. Co.*, 47 N. Y. 597 ;
1 Wood on Fire Ins. [2 Ed.] sec. 60; May on Ins.
[2 Ed.] sec. 175.

The question stated at the outset must be answered
in the affirmative.

The judgment must be affirmed. All concur.