J. H. CUNNINGHAM, Respondent, v. UNION CAS-UALTY & SURETY COMPANY OF ST. LOUIS, Appellant.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Accident Insurance: CO-ORDINATE INDEMNITIES: RELEASE: BAR TO SECOND ACTION: CONSIDERATION.** An accident policy provided alternate indemnities for loss of limb or sight or continued disability. Within thirty days after the accident the insured sent in a claim for continued disability and signed a voucher containing a release of the insurer and a discharge of the policy. Within ninety days as stipulated in the policy he gave notice of loss of entire sight resulting from same accident. *Held:* The voucher was not a bar to the second claim and would not prevent a recovery as the release was broader than the consideration.

2. ————: **SPLITTING DEMANDS: EXCEPTION TO THE RULE: SCIENTER.** An entire claim can not be divided and made the subject of several suits but the rule presupposes knowledge of the constituent elements of the cause of the action and does not apply where the plaintiff is in unavoidable ignorance of the full extent of the injuries done.

3. **Trial Practice: ACTION: BAR.** Where several claims payable at different times arise out of the same transaction, separate actions may be brought as each liability accrues but all that are due must be included in one action or those not included will be barred.

4. **Insurance: CO-ORDINATE INDEMNITIES: DISCHARGE OF POLICY.** Held, *arguendo* that the payment for loss of either an eye or a limb would terminate the policy and render it nugatory as to all other indemnities, but such consequence does not attend payment for disability.

5. ———: CONSTRUCTION OF POLICY. Where the policy is capable of two meanings that meaning must be applied which is more favorable to the assured, even though it was intended otherwise by the insurer.

Appeal from the Jasper Circuit Court.— *Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Galen & A. E. Spencer* for appellant.

(1) The delivery by plaintiff of his indemnity claim and release, and the payment made him therefor, by defendant, were in compromise and settlement of all the former's claims for injuries growing out of the accident to him, and bar this action. Hinkle v. Railroad, 31 Minn. 434; 18 N. W. Rep. 275; Retzer v. Packing Co., 58 Mo. App. 264; Homuth v. Railroad, 129 Mo. 629; Updegrave v. Railroad, 7 L. R. A. (Pa.) 213. (2) Plaintiff's claim against defendant on account of the accident was liquidated. Coal Co. v. St. Louis, 145 Mo. 651. (3) All plaintiff's injuries resulted from the same accident, and gave him one cause of action against defendant; he accepted payment and gave his release, and this release is a bar to the present action. He could not split his cause of action. Mateer v. Railway, 105 Mo. 320-355; Hinkle v. Railroad, 31 Minn. 434; 18 N. W. Rep. 275; Funk v. Funk, 35 Mo. App. 246-251; Moran v. Plankinton, 64 Mo. 337; Green v. Von der Ahe, 36 Mo. App. 394; Union, etc., Co. v. Traube, 59 Mo. 355; Ruddle v. Horine, 34 Mo. App. 620, 621.

*Redding & Owen* for respondent.

(1) A release operates upon matters and things mentioned in it, which existed at the time of its execution and delivery, and will not be construed out of its general terms to defeat a cause of action arising afterwards. 20 Am. and

Eng. Ency. of Law, 745. (2) Though general in its terms it will be limited to those things contemplated by the parties at the time it was made. 20 Am. and Eng. Ency. of Law 746. A release will not be construed as to include the rights of which the lessor was ignorant when he executed it. Ibid. Arnett v. Railroad, 64 Mo. App. 373; Railroad v. Artist, 23 L. R. A. 582; Gumley v. Webb, 44 Mo. 455; 1 Beach, Modern Contract Law, 563; Railroad v. Artist, 60 Fed. Rep. 365; Shemon v. Ins. Co., 83 Wis. 507; Redfield v. Ins. Co., 56 N. Y. 358. (3) There was no consideration for the release. The words in a release should not be extended beyond the consideration. Codding v. Wood, Gen. Digest, 1601; 20 Am. and Eng. Ency. of Law, 744; Riley et al. v. Kershan, 52 Mo. 24; Bigbee v. Coombs, 64 Mo. 529; 2 Parson's Contract [6 Ed.], 688. (4) In the case of Hoffman v. Accident Indemnity Co., 56 Mo. App. 309, Judge Smith says: "If the condition of a contract of insurance is capable of two meanings, that meaning must be adopted which is most favorable to the insured." Wharton on Contracts, sec. 670; Bliss on Ins., sec. 385; Cook on Ins., sec. 4; Hoffman v. Ins. Co., 32 N. Y. 405; Potter v. Ins. Co., 5 Hill 149; Hale v. Ins. Co., 46 Mo. App. 508; La Force v. Ins. Co., 43 Mo. App. 530.

SMITH, P. J.—The defendant executed and delivered to plaintiff an accident insurance policy, by the terms of which the former insured the latter against bodily injuries sustained through external, violent and accidental means, and thereby bound itself to pay the indemnity provided in the schedule thereto, as follows:

"* * *

"(C) Or, if loss by actual severance at or above the wrist or ankle of one hand or of one foot shall so result within ninety days, the company will pay one-third the principal sum before named, which payment shall terminate the policy and discharge the company.

"(D)   Or, if the irrecoverable loss of the sight of one eye shall so result within ninety days, the company will pay one-eighth of the principal sum of the policy, which payment shall terminate the policy and discharge the company.

"(E)   Or, if such injuries, independently of all other causes, shall immediately, continuously and wholly disable and prevent the insured from engaging in any work or occupation for wages, the company will pay $12.50 per week during the continuance of such disability for a period not exceeding fifty-two weeks."

On June 26, 1898, plaintiff fell from a tree, in consequence of which he received several bruises, contusions and cuts about the head, and of which accident prompt notice was given the defendant.

On the twenty-fifth of July, following, the plaintiff presented to defendant a claim for $51.78 as indemnity for loss of time from his occupation which had resulted to him in consequence of the said injury. The defendant allowed the plaintiff's claim and on July 28, 1898, mailed him a check therefor, which was accompanied by a voucher which was signed by plaintiff and returned to defendant, and which recited that, in consideration of the payment of $51.78 he thereby discharged and released the defendant from all claims for indemnity under said policy resulting from the said accident.

On August 4, 1898, the plaintiff gave the defendant another notice of the receipt of his said injury, wherein it was stated that since said accident he had lost the "entire sight" in his left eye. It is conceded "that plaintiff was so injured that he sustained immediate, continuous and total loss of time for the prosecution of every kind of business pertaining to his occupation during the space of four weeks and one day. That as a part of the aforesaid injuries resulting from such striking, plaintiff's left eye was hurt; that he noticed that it was getting bad and that the sight thereof was failing about

two or three weeks after the said fall; that the eye continued steadily to grow worse and the sight thereof to fail, and about the first of August, 1898, plaintiff became convinced he would lose the sight of that eye, and he did irrecoverably lose the sight of his left eye on or about August 4, 1898."

This suit was brought on said policy to recover three hundred and twelve dollars and fifty cents—or, one-eighth of the entire indemnity provided in the policy where the irrecoverable loss of the sight of one eye results from the injury within ninety days thereafter. The defendant in its answer alleged that the plaintiff had received and accepted said sum of fifty-one dollars and seventy-eight cents in full payment and settlement for the injuries resulting from the said accident and had signed and sealed a written instrument to that effect, in and by which in consideration of said payment plaintiff released and discharged defendant from all claims for indemnity under said policy. The said release was pleaded in bar of the plaintiff's action.

There was a trial before the court on a statement of facts agreed, which resulted in judgment for plaintiff and from which defendant appealed.

It is not disputed but that the plaintiff, under the policy, was justly entitled to the indemnity paid him for loss of time from business resulting to him from the accidental injury which he sustained. But it is contended, in view of the fact that plaintiff, in consideration of the receipt of the indemnity specified in provision "E" of the policy schedule, had executed the release pleaded, which, by its terms, discharged defendant from liability from all claims for indemnity under the policy resulting from said injury, that the plaintiff is not entitled to the indemnity claimed by him under provision "D" of the said schedule. The payment of the $51.78 was the consideration for the discharge of the defendant from its liability for indemnity for disability mentioned in provision "E" of the said schedule.

If its terms are such as to discharge defendant from liability to pay indemnity for disabilities specified in other provisions of said schedule, it can not in so far be held inoperative since there is no consideration therefor moving from the defendant to plaintiff. Wesson v. Horner, 25 Mo. 81. The payment made was for loss of time entailed by the plaintiff's disabilities. The liability for indemnity for the irrecoverable loss of the eye was not in contemplation of the parties at the time of the payment, for such loss had not then occurred; so that the payment could not have been in discharge of any such liability. The release was broader than its supporting consideration. The consideration for the discharge of one liability does not necessarily constitute the consideration for the discharge of another, different and independent liability. Redfield v. Ins. Co., 56 N. Y. 354.

Looking at the receipt, which is termed a "release," in the light of the facts agreed in the case and we must conclude that it was intended to extend only to such claims for indemnity as should be made under provision "E" of the schedule. The purpose of the receipt, no doubt, was to preclude the plaintiff from making any further claim for indemnity under that provision of the schedule. It follows therefore, that the release pleaded constitutes no bar to the plaintiff's action.

But the defendant invokes the application of the principle of the maxim, "*memo debt bis vexari pro una et eadem causa.*" It is true that it is the well-settled rule of law in this state that an entire claim or contract, or a wrong done can not be divided or split up and made the subject of several suits. Ruddle v. Horine, 34 Mo. App. 616; Green v. Von der Ahe, 36 Mo. App. 394; Moran v. Plankinton, 64 Mo. 337; Railway v. Traube, 59 Mo. 355.

But this rule is not of universal application. The prohibition of the rule "presupposes knowledge of the constituent elements of a cause of action sought to be unwarrantably divided. If this be true, and it be true also that the law does

not require what is impossible, then it must needs follow that a party should not be precluded in consequence of a former action, if such action were brought in unavoidable ignorance of the full extent of the wrongs received or injuries done." Moran v. Plankinton, 64 Mo. 337; Farrington v. Payne, 15 Johns. 432; Resley v. Squires, 53 Barb. 280. At the time of the payment of the indemnity for the disability specified in said provision "E," the plaintiff did not know that he would irrecoverably lose the sight of his left eye. It is conceded that the plaintiff's eye was hurt by his fall and that he noticed two or three weeks thereafter that it had grown worse, and that his sight had continued to fail, but that he did not feel that he would lose it until about the first of August. It is not disputed that he irrecoverably lost his sight a few days later. It does not appear that he was advised by his physician or that he knew, or could have known, at the time of the receipt of the indemnity that he would irrecoverably lose the sight of his eye. He then had no claim for indemnity for the loss of an eye. The plaintiff's claim for indemnity for the loss of the sight of his eye falls within the exception to the rule just stated, and therefore his right of action thereon is not foreclosed by the acceptance of the indemnity for loss of time.

It is in this connection to be further observed that it has been ruled in this state that where several claims, payable at different times, arise out of the same contract or transaction, separate actions may be brought as each liability accrues, but where no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought where more than one is due, a recovery in that action will be a bar to a second action brought to recover the other claims that were due when the first was brought. Railway v. Traube, 59 Mo. 355; West v. Moser, 49 Mo. App. 201. Here were two claims for indemnity arising under different provisions of the policy, each payable at different times, and no reason is perceived why separate actions could not have been brought on each. The situation of the parties to this action

would not have been different if the plaintiff had reduced his first claim for indemnity to judgment and the defendant were relying on that instead of the supposed release as a bar. If the judgment would bar so would the release.

If the plaintiff had first claimed and obtained indemnity for the loss of his eye under provision "D" of the policy schedule that, by the terms thereof, would have discharged the policy; but the payment of plaintiff's claim for indemnity under provision "E" had no such effect. It is apparent from the very terms of the latter provision that no such effect was contemplated by it. But it is insisted that under the policy the plaintiff could have but one indemnity for the disabilities resulting from his injuries. If the plaintiff had lost an eye and a hand by reason of the injury, he would have been entitled to indemnity for the former under provision "C," and for the latter under provision "D," but not under both, for it is provided in each that the payment of indemnity thereunder shall terminate the policy. So that a payment under one of these provisions would render the policy nugatory as to all the others. But the payment of indemnity claimed under provision "E" is not attended with any such consequences.

It may be that the policy provisions in relation to indemnity are capable of a meaning different from that which the plaintiff contends. Unquestionably, these provisions are capable of two meanings. The rule is, that where the provisions of a policy are capable of two meanings, that meaning must be applied which is the most favorable to the assured, even though it was intended otherwise by the insurer. Hoffman v. Ins. Co., 56 Mo. App. 301; LaForce v. Ins. Co., 43 Mo. App. 530; Hale v. Ins. Co., 46 Mo. App. 508. Applying this rule to the provisions of the present policy relating to indemnity and it is clear that we must adopt the plaintiff's interpretation and hold the defendant liable.

It results that the judgment must be affirmed. All concur.