GRAHAM, Respondent, v. UNION CASUALTY AND
SURETY COMPANY, Appellant.

St. Louis Court of Appeals, November 13, 1906.

ACCIDENT INSURANCE: Weekly Indemnity and Death Benefit:
Release. An accident policy provided for the payment of a
weekly indemnity for loss of time on account of an accident and
for a stipulated sum payable to the wife of the insured in case
of his death from an accident within ninety days thereof, and
provided for certain payments in case of the loss of an eye,
hand or foot, etc. The insured suffered an accident which
caused his death within ninety days, but, after the accident,
without the knowledge of his wife, he collected one week's in-
demnity for loss of time and released the company from further
liability on the policy. Held, such release did not discharge
the company from liability to the widow on the death of the in-
sured for the amount of the policy.

Appeal from St. Louis City Circuit Court.—*Hon. Robt.
M. Foster,* Judge.

AFFIRMED.

*Percy Werner* for appellant.

*A. R. Taylor* for respondent.

STATEMENT.—This is an action to recover the death
benefit provided for in a policy of accident insurance is-
sued by the defendant company. Most of the facts of
the cause are settled by an agreed statement of facts,
from which it appears that the policy sued on was is-
sued to A. B. Graham, plaintiff's husband; that plain-

tiff is entitled to recover $500 as indemnity for the death of her husband, with interest at the rate of six per cent per annum from the time the present action was brought, unless her right of recovery was extinguished by a release which her husband executed without her knowledge and consent prior to his death. Graham was a car builder in the employ of the American Car Company. On August 9, 1902, while he was on his knees under a car engaged in tightening a bolt, a man threw an iron plate to him which struck a bolt lying on the floor, causing the bolt to fly up, strike Graham in the forehead and inflict a wound on the bone immediately over the eye called the frontal sinus. This is all that is given in the record regarding the accident which, it is agreed, resulted in his death. The matter was regarded as trivial at first and not even as a disabling injury, though Graham demanded that he be paid a disability indemnity. Payment was at first refused, but finally a week's indemnity was paid and thereupon Graham executed the following release:

"In consideration of the payment of the above draft of $7.50, and the further consideration of — dollars indemnity applied on premium, I hereby discharge and release the Union Casualty and Surety Company from all claims I, my personal representatives and the beneficiaries named in the policy or policies issued to me by said company, have or may have against it in consequence of or arising from injury sustained by me on or about the 9th day of August, 1902, and I hereby guarantee said company against any further liability to me or them, or any of them, growing out of said injury.

"Witness my hand and seal this 18th day of August, 1902.

"A. B. GRAHAM.    (SEAL.)"

The policy in suit is a long document and much of it is irrelevant to the present case. We copy such parts as are relevant:

"The Union Casualty and Surety Company of St. Louis, Missouri (hereinafter called the company), in consideration of the warranties made in the application for this insurance, which is hereby made a part hereof, and a copy endorsed hereon, and of an order which is to be considered an assignment of moneys therein specified on American Car & Foundry Company, hereby insures A. B. Graham of St. Louis (hereinafter called the insured) and the person described in said application, by occupation a car builder, under classification special, for the term of two calendar months from 12 o'clock, noon, Standard time, on the 7th day of April, 1902, the full term of the policy to be for twelve calendar months, according to the payment of the six premiums for the separate and independent periods of two calendar months, against total loss of time resulting from bodily injuries caused solely during the term of this insurance, by external, violent and accidental means, and from sickness hereinafter specified, which shall, independently of all other causes, immediately and continuously disable the insured, and will pay to him, if surviving, or to Alice Graham, his wife, or, in event of her prior death, to the executors, administrators or assigns of the insured, the indemnity provided in the schedule hereinafter contained, styled Death and Indemnity.

"ACCIDENT INDEMNITY (Death and Disability).

"A. If death shall result from such injuries within ninety days, as the proximate and sole cause thereof and independently of all other causes, the company will pay the principal sum of five hundred dollars, which payment shall terminate the policy and discharge the company.

"B. If loss by actual severance, at or above the wrist or ankle, of both hands or both feet, or of one hand and one foot, or the permanent and entire loss of the sight of both eyes, shall result, solely through the in-

120 App.—43

juries aforesaid, within ninety days, the company will pay the principal sum before named, which payment shall terminate the policy and discharge the company.

"C.    If loss by actual severance, at or above the wrist or ankle, of one hand or of one foot, shall result solely through the injuries aforesaid, within ninety days the company will pay one-third the principal sum before named in lieu of said weekly indemnity, which payment shall terminate the policy and discharge the company.

"D.    If the permanent and entire loss of the sight of one eye shall result, solely through the injuries aforesaid within ninety days, the company will pay one-eighth of the principal sum of the policy, in lieu of said weekly indemnity, which payment shall terminate the policy and discharge the company.

"E.    If such injuries, independently of all other causes, shall immediately, continuously and wholly disable and prevent the insured from engaging in any work or occupation for wages, the company will pay seven and fifty one hundredth dollars (and in no case to exceed the insured's average weekly earnings) per week for the period of such disability, not exceeding fifty-two weeks."

The policy further provides as follows:

"This policy is issued and accepted subject to the conditions, provisions and requirements on the reverse hereof, and which are expressly made a part thereof."

The ninth of said "Conditions, Provisions and Requirements," reads as follows:

"9.    No claims on account of injuires the result of any one accident, for more than one of the benefits provided for in clauses A to E inclusive, shall be valid."

This appeal was taken from a judgment for plaintiff.

GOODE, J. (after stating the facts).—The question for decision is whether, when read in connection

with the quoted terms of the policy, the release of the company by Graham in consideration of being paid $7.50 as one week's indemnity for loss of time, discharged the company from liability to plaintiff, Graham having died after the execution of the release as a result of the injury.  It would be unreasonable to hold that the deceased could discharge the company from an obligation it had contracted to pay plaintiff $500 in case of his death, within ninety days after the accident, in consequence of the injury.  When the company paid the weekly indemnity without plaintiff's knowledge or consent and before the ninety days had passed, it took the risk of paying her the stipulated indemnity of $500 if the accident caused death within ninety days.  Manifestly in executing this contract, it could not have been contemplated by either of the parties to it that the deceased could discharge a death indemnity which might accrue to his wife in consideration of a weekly indemnity paid to him.  Moreover, if we attend to the terms of the policy, they enforce the same conclusion.  Those paragraphs (A, B, C, and D), which provide for payment of an indemnity for death or other serious injuires like the loss of an eye, hand or foot, expressly stipulate that a payment of that sort shall terminate the policy and discharge the company; whereas the paragraph providing for a weekly benefit to the insured when disabled, contains no such proviso.  But defendant relies on the ninth paragraph of the conditions printed on the back of the policy; a paragraph providing against claims based on a single accident, for more than one of the benefits insured against.  It is unnecessary to construe this term of the policy further than to say that, in our judgment, it has no bearing on plaintiff's case; though probably it was intended to prevent the insured from obtaining weekly indemnity for loss of earnings and also the indemnity provided for the loss of an eye, hand or foot. Be that as it may, it cannot be interpreted rationally to mean that, if the insured should collect a weekly bene-

fit on account of an accident, without the consent of his wife, and should execute a release to the company, the release would prevent a recovery by her if the accident resulted in his death within ninety days. We are cited to Cunningham v. Union Casualty Co., 82 Mo. App. 607, as supporting defendant's contention, but it does not. In so far as the decision bears on the present case, it supports the plaintiff's position. The facts in the cited case were that after the insured received indemnity for loss of time and executed a discharge, he lost the sight of one eye as the result of the accident, and then clamed indemnity under another paragraph of the policy for the latter injury. In construing the policy according to its terms, which were not exactly like those of the one before us, the court held the release operated only as a bar to any claim to indemnity for loss of further time and not as a bar to indemnity for loss of an eye. It is worthy of remark, too, that the release before us contains the guaranty of the deceased against any further liability on the part of the company, to him or any other beneficiary named in the policy, on account of the injury. This term of the release does not look like the company understood that Mrs. Graham's rights were affected by it; but rather that Graham was required to give a guaranty to answer over for any additional liability the company might be under to her, as the other beneficiary in the policy, in consequence of the injury. We have no doubt that this judgment was for the right party and it is affirmed. All concur.