## No. 8927.

### VAN GILDER *v.* KINGSBERRY.

ACCIDENT INSURANCE—*Policy Construed.*   An accident policy provided that the insurer would pay the insured "the respective indemnities set forth for loss resulting from accident in the principal sum of $100.00, with accident indemnity at $45.00 per month."

By clause A, it was provided that the insurer will pay ". . . for loss of either foot, one-half the principal sum;" and by clause B, that the insurer should pay "for the total loss of ·time $45.00 per month, for not exceeding 104 weeks."   Held that the insured having lost a foot was entitled to recover only one-half the principal sum, as prescribed in clause A.   A judgment allowing an award for time lost, under clause B, was reversed.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

Mr. D. J. DAVIES, for plaintiff in error.

Mr. W. S. PALMER, Mr. EWING ROBINSON, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an action to recover indemnity under a contract of accident insurance. Trial was to the court, with findings and judgment for plaintiff.   Defendant alleges error and brings the case here for review.   The parties are designated as in the trial court.

The policy issued by defendant to plaintiff was in the principal sum of $100.00, with a monthly indemnity of $45 for total disability.   It provided, in the event the insured sustained personal bodily injury through violent and

accidental means, that the company should pay for specific losses as follows:

"(A) For any one of the following specific losses which shall result solely from such injuries within 90 days from date of accident in lieu of any other indemnity. For Loss of Either Foot * * * One-Half Principal Sum."

Paragraph (B) provided for payment of an indemnity of $45.00 per month for total disability; and paragraph (C) for a less payment for partial disability. Paragraph (M) contained the following provisions:

"(M) In event of a loss hereinbefore designated as a "Specific Loss," no claim shall exist for compensation other than that specifically provided for such total loss."

During the life of the policy plaintiff met with an accident which resulted in the loss of his left foot above the ankle, and upon the theory that the contract of insurance provided for a monthly indemnity under paragraph (B) and also an indemnity for the loss of his foot under paragraph (A) he brought suit to recover on both. After hearing testimony the court found for plaintiff in the sum of $624.00, and rendered judgment accordingly.

There are several assignments of error and cross-errors, but the only question which need be decided is whether the policy provided for disability indemnity when such disability is caused solely by some specific injury for which a fixed and definite payment is provided. In other words, plaintiff seeks to recover one-half of the principal sum of his policy for loss of his foot, and also a monthly payment as disability indemnity resulting from such loss.

His right to recover for the loss of his foot is given in paragraph (A), *supra*, wherein it is provided that for such specific loss the insurer will pay one-half the principal sum "in lieu of any other indemnity." It is impossible to more clearly set forth the agreement that in event of the loss of a foot by plaintiff, the insurer would be liable only for the specific indemnity provided therefor. In addition, however, as if to place matter beyond all possible doubt, sub-

division (M) of the policy provides that for any loss designated in the policy as a "specific loss," the compensation shall be only that specifically provided for such loss. This is in effect a restatement of the provision of paragraph (A), *supra,* that in the event of a loss of either foot the compensation paid shall be "in lieu of any other indemnity."

The only meaning to be given the terms of the policy is that in the event of a specific loss, as set out in paragraph (A), *supra,* the insurer is liable only for the sum therein definitely agreed upon. No additional indemnity can be recovered for total or partial disability arising out of such specific injury. The contract plainly and clearly so provides. *Employers' Liability Assurance Corporation, Ltd., v. Morrow,* 143 Fed. 750, 74 C. C. A. 640; *Cunningham v. Union Casualty & Surety Co.,* 82 Mo. App. 607.

The authority cited by plaintiff in support of his claim for both specific loss and disability indemnity is *Rabb v. North American Accident Insurance Company,* 28 Idaho, 321, which case, however, is squarely against his contention, as it determines that where the insured receives no injury other than the one for which a specific indemnity is named, he may recover such indemnity only, although he is not precluded from claiming for other disability also, if it arises from injuries other than that resulting in the particular one for which a specific indemnity is provided.

In the case at bar plaintiff does not claim that he suffered any injury other than the loss of his foot, and for this it is plain that he can only recover the specific indemnity provided in paragraph (A) of the contract. Such is the agreement which the parties made. The court cannot make a new or different one, but has only to uphold and enforce the one which the parties voluntarily entered into, the meaning of which in this case is clear, definite and undoubted.

The judgment of the trial court is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

Judgment reversed and cause remanded.

Decision *en banc.*

Mr. Justice Allen dissents.

Decided June 3, A. D. 1918. Rehearing denied December 2, A. D. 1918.