CASE 67—PETITION ORDINARY—DECEMBER 17.

# Imperial Fire Ins. Co. v. Kiernan.
# Northern Ins. Co. v. Same.

APPEALS FROM JEFFERSON COURT OF COMMON PLEAS.

1. FIRE INSURANCE—CONDITION AS TO OCCUPANCY.—Where a policy of fire insurance describes the house insured as "occupied as a family residence," and by a subsequent clause provides that the policy shall become void if the house "shall be or become vacant or unoccupied," the words "occupied as a family residence" must be regarded as but a representation as to the then use of the house, and the subsequent words as but an undertaking by the insured that the house shall not be without an occupant during the time covered by the policy.

In this case it is held that such a policy did not become void upon the house insured ceasing to be occupied as a family resi-

Imperial Fire Ins. Co. v. Kiernan.   Northern Ins. Co. v. Same.

dence, it continuing to be occupied by one person, who had access to the entire building for the purpose of caring for it.

2. A MOTION FOR A NEW TRIAL MUST BE MADE within three days after the verdict is returned, whether the verdict be general or special, although judgment may not have been entered upon the verdict.

3. SPECIAL VERDICTS.—The finding of facts by a jury in answer to questions submitted to them in writing constitutes a special verdict, and to entitle the plaintiff to judgment upon such a verdict, it is not necessary that the jury should declare that if, upon the facts found, the plaintiff is entitled to recover, he is entitled to a certain sum, naming it, or that his damages are so much.

In an action upon a policy of insurance, it was admitted that the parties had, by agreement through arbitrators, fixed the entire loss, but what amount had been awarded was in issue. The jury found the amount of the award, which was greater than the amount of the policy. *Held*—That upon this verdict the court was authorized to render judgment for the amount of the policy, the question as to the amount for which judgment should be rendered being, under the circumstances, merely a legal one, and involving no question of fact.

F. T. FOX, JR., FOR APPELLANTS.

1. A special verdict must find all the essential facts. The verdict in this case did not authorize a judgment for the plaintiff, because it did not find any sum for which judgment should be given if the law should be found for him. (Wait's N. Y. Annotated Code, section 260. page 464; Manning v. Monaghan, 23 N. Y., 539–41; Eiseman v. Swan, 6 Bosworth, 669; L., C. & L. R. R. Co. v. Case, 9 Bush, 734; Walker's American Law, pages 645–6 and note *a;* Carruthers' History of a Law Suit, page 232; Minor's Institutes, vol. 4, part 1, pages 750–53; Hann v. Field, Littell's Select Cases, 377; McClean v. Cooper, 3 Call, 367; Bacon's Abr., Title, Verdict E.; Fryer v. Roe, 12 Com. Bench, 437, and note, 444; Barnes v. Williams, 11 Wheat., 415; 4 How., 143; 20 How., 441; 8 Howard, 484; 23 Wall., 162; 91 U. S., 131; Witty v. C. O. & S. W. R. R. Co., 6 Ky. Law Rep.)

2. The trial was not ended until the "decision" or judgment was rendered, and, therefore, the motion for a new trial was made in time. (Fonekes' Actions at Law, page 148; Smith's Actions at Law, page 134.) Allen v. Hill, 16 Cal., 117, is not authority in this State, as it does not appear what are the provisions of the California Code upon this subject.

3. The conditions of the policy sued on required the insured house to be occupied *as a family residence* during the entire contract. and if at any time during the year it became vacant or unoccupied as a family residence, without notice to defendant, the policy became

Imperial Fire Ins. Co. v. Kiernan.    Northern Ins. Co. v. Same.

void. (Dennison v. Phœnix Ins. Co., 52 Iowa, 457; Keith v. Quincy M. Fire Ins. Co., 10 Allen, 228; Am. Ins. Co. v. Padfield, 78 Ill., 167; Ashford v. B. M. Fire Ins. Co., 112 Mass., 422; Poor v. Humboldt Ins. Co., 125 Mass., 274; Corrigan v. Conn. Fire Ins. Co., 122 Mass., 298; Harrison v. City Fire Ins. Co., 21 Allen (Mass.), 281; Cook v. The Continental Ins. Co., 70 Mo., 610; Herrmann v. Adriatic Fire Ins. Co., 85 N. Y., 163; Paine v. Agricultural Ins. Co., 5 N. Y., S. C., 619; Abrahams v. Agr. Ins. Co., 40 Up. Can., Q. B., 175; Sleeper v. N. H. Fire Ins. Co., 58 N. H., 401; The Am. Ins. Co. v. Foster, 92 Ill., 335; Ætna Ins. Co. v. Meyers, 63 Ind., 238; Wustum v. City Fire Ins. Co., 15 Wis., 138; Cummins v. Agr. Ins. Co., 67 N. Y., 262; Hill v. Eq. M. F. Ins. Co., 58 N. H., 82; McLure v. Watertown Fire Ins. Co., 90 Pa. State; Wood on Insurance, page 184; Kelly v. Worcester M. Fire Ins. Co., 97 Mass., 286; North American Fire Ins. Co. v. Zaenger, 63 Ill., 464; Jackson, &c., v. Ætna Ins. Co., 16 B. M., 258-9; 13 Bush, 317; Germania Ins. Co. v. Rudwig, 79 Ky.; Bennett v. Agr. Ins. Co., Ins. Law Journal, Aug., 1883.)

HARGIS AND EASTIN ON SAME SIDE.

1. There being no general or special verdict as to the amount plaintiff was entitled to recover, there was no verdict for damages on which to base a judgment.

2. The award of the arbitrators was not declared on, and, therefore, furnished no excuse for the court assuming the functions of the jury and fixing the damages.

3. The finding as to occupancy is against the evidence.

Brief of associate counsel referred to for authorities.

WM. LINDSAY FOR APPELLEE.

1. Policies of insurance are to be construed against the company when questions of doubt arise. (Evans v. Sanders, 8 Porter, Ala., 498; Insurance Co. v. Bland, 9 Dana, 151; Ætna Ins. Co. v. Jackson, 16 B. M., 259; Wood on Fire Insurance, page 146; Reynolds v. Ins. Co., 47 N. Y., 597.)

2. The words in the policy describing the house insured as a "family residence" are mere words of description, and are to be treated as a representation, and not as a warranty. (Act of Feb. 4, 1874, Bullitt & Feland's Gen. Stat., page 859; Germania Ins. Co. v. Rudwig, 3 Ky. Law Rep., 721.)

3. These words of description do not imply an agreement that the property insured shall continue in the same condition, or literally in the same kind of occupation during the term of the insurance, or that the house will continue to be occupied. (Wood on Fire Insurance, section 90, page 184; Cum. Valley Ins. Co. v. Douglass, 58 Pa. St., 419; Bryan v. Peabody Ins. Co., 8 W. Va., 605.)

Imperial Fire Ins. Co. v. Kiernan.  Northern Ins. Co. v. Same.

4. A single inhabitant eating and sleeping in the house, charged with the duty of taking care of it, constitutes an "occupation" within the meaning of that word as used in insurance policies. (Stupetski v. Transatlantic Ins. Co., 38 Am. Rep., 195; Herrmann v. Merchants' Ins. Co., 81 N. Y., 184; 85 N. Y., 169; Am. Ins. Co. v. Padfield, 78 Ill., 169; Harrigan v. Fitchburg Ins. Co., 124 Mass., 128.)

S. F. J. TRABUE, JR., ON SAME SIDE.

1. The time within which a motion for a new trial must be made is to be counted from the return of the verdict, and not from the rendition of judgment thereon. (People ex rel Allen v. Hill et al., 16 Cal., 113; Peabody v. Phelps, 9 Cal., 213.)

2. The words "occupied as a family residence" were not intended as a warranty. (81 N. Y., 184.)

3. These words are to be treated as a representation, and not as a warranty, regardless of the intention. (Bullitt & Feland's Stat., page 968; Germania Ins. Co. v. Rudwig, 3 Ky. Law Rep., 721.)

4. An occupancy by one person was all that was necessary to satisfy the conditions of the policy. (Shearman v. Niagara Fire Insurance Co., 46 N. Y., 532–3.)

5. The special verdict was, in substance and in form, in strict conformity to the Code. (Civil Code of Practice, sections 326 and 327.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The policy of insurance issued by the appellants to the appellee, John Kiernan, was for one year from January 15, 1881, and described the property as "his two-story brick, single roof building, *occupied as a family residence.*"

A subsequent clause provided for its becoming void in these words: "or shall be or become *vacant or unoccupied* without notice to and consent of these companies in writing."

When insured it was occupied as a family residence by a tenant of the appellee, and the *character* of the house was never changed; but on November 26, 1881, he, together with his family, moved out of it, although his lease would not have expired until in March following; and on December 5, 1881, it was burnt.

When the tenant removed, the appellee, failing to obtain another tenant immediately, got a man to stay in one room of the house, which was furnished for the purpose, and who ate and slept there, having access to the entire building, for the purpose of caring for and watching it; and he was so doing when it was destroyed.

The policy provided, that if the parties to it differed as to the amount of any loss, it should be fixed by arbitrators, whose written award should be binding upon the parties as to the amount, but should not determine the liability of the appellants therefor.

After proper proof had been made of the loss, the parties, by written contract, submitted the question of amount to arbitrators, who, by an award in writing, fixed it at five thousand six hundred and two dollars and thirty-two cents. The appellants failing to pay the insurance, which was two thousand dollars by each company, the appellant brought these actions upon the policy (a joint one by the two companies), alleging that his loss was ten thousand dollars, and asking judgment in each action for the two thousand dollars. Subsequently, he, by an amended petition, set up the agreement to arbitrate, and the award.

The appellants seem at the outset to have mainly relied upon alleged actual fraud upon the appellee's part; but the testimony disclosing his good faith, the defense mainly urged by them at last in the lower court was, that the policy became inoperative when the house ceased to be occupied by a family, and

that the words, "occupied as a family residence,"
constituted a continuing warranty that the house
should be occupied by a family during the entire
time covered by the policy.

If this be so, however, then the subsequent pro-
vision that the policy should become void if the
house should "be or become *vacant* or *unoccupied*,"
was needless.  These words mean, without an occu-
pant; and if the words used in giving the description
of the property, "occupied as a family residence,"
imply an undertaking that the house should be oc-
cupied by a family during the term of insurance,
then we must suppose that the insurers used the
subsequent words unnecessarily.

Effect should be given to both, if they can be
reconciled, and both be considered in construing the
contract; but forfeitures are not favored, and if the
language be of doubtful import, it should be con-
strued most strongly against the insurer.

If, under our law, the words "occupied as a family
residence" could be treated as a warranty, we think,
in view of the subsequent language, it could only be
held to be one as to the use of the house *in pre-
senti;* but our statute provides, that "all statements
or descriptions in any application for or policy of
insurance shall be deemed and held representations,
and not warranties, nor shall any misrepresentation,
unless material or fraudulent, prevent a recovery on
the policy."  (Gen. Stat., page 918.)

The parties must be considered as having con-
tracted with reference to this statute, which was
upheld in the case of the Germania Insurance Com-

pany v. Rudwig, &c., 80 Ky. Rep., 223, and the statement in the policy, "occupied as a family residence," must be regarded as but a representation as to its *then* use, and the subsequent words as but an undertaking by the insured that the house should not be without an occupant during the time covered by the policy.

The motion of the appellants for a peremptory instruction in their behalf, in the nature of a non-suit, was based upon a counter view as to the proper construction of the terms of the policy.

It was equivalent to a demurrer to the appellee's evidence; it presented a legal question only, and for the reasons *supra* was properly overruled.

Two questions remain to be disposed of: First, was there within the law any motion for a new trial?

If not, we can not consider the correctness of the special verdict.

Second, if none, then did the special verdict authorize the judgment?

No verdict save a special one was asked, directed or returned; and it was rendered on January 13, 1883. The following is the substance of the facts found:

1. That the house was covered by the policy.

2. That the house, or a portion of it, was occupied up to the time of the fire after the tenant moved out of it.

3. Henry Suter, a negro boy, occupied the house and had access to all parts of it.

4. Suter was employed to occupy it and take charge of it.

5. Tenant moved out before his term expired.

6. He did not move out with plaintiff's consent.

7. Plaintiff attempted in good faith to get another tenant.

8. The award of the arbitrators was five thousand six hundred and two dollars and thirty cents.

*a.* Suter occupied a room attached to main house.

*b.* Suter was not married.

*c.* Suter occupied said room in charge of the house.

*d.* Suter occupied it as a family residence.

*e.* Plaintiff gave no notice to defendant that the house was vacant or unoccupied.

*f.* Defendant did not consent to said vacancy.

*g.* There were household goods and furniture in it belonging to plaintiff or to the tenant when tenant left it, or at the time of the fire.

Closing as follows:

"We, the jury, find as above.

"W. C. SMITH, Foreman."

Neither side objected to them; but each moved for a judgment in his and its favor, respectively, upon them.

The court took time and rendered a judgment for the appellee on May 7, 1883, for the amount of the policy. On May 8, 1883, or nearly *four months* after the rendition of the verdict, the appellants filed grounds and entered a motion for a new trial. The appellee objected, and the motion was overruled.

Section 340 of the Civil Code provides: "A new trial is a re-examination in the same court of *an issue of fact* after a verdict by a jury or a decision by the court."

The expression, "decision by the court," manifestly refers to a case where the facts as well as the law are submitted to the judgment of the court.

Section 342 of the Code says:

"The application for a new trial must be made at the term in which the verdict or decision is rendered; and except for the cause mentioned in section 340, subsection 7 (which did not exist in this case), *shall be within three days after the verdict or decision is rendered*, unless unavoidably prevented."

A motion for a new trial questions the finding of fact alone, whether by judge or jury. If a verdict is complained of as unsupported by the evidence, then it is assailed for the direct error of the jury; but if the complaint be that the court committed an error, for instance in giving instructions, or in the admission of evidence, yet the verdict is assailed as a consequential error. A motion for a new trial does not question the legal conclusion which the court may reach in rendering a judgment. If it be erroneous in not conforming to the verdict or the finding of facts, a motion for a new trial is not the proper mode of correction. It may be reviewed without such a motion, and by merely asking the court to correct it, and the correction would not affect the verdict. A judgment is usually rendered when the verdict is returned into court; but need not necessarily be, even in the case of a general one. If the court is in doubt as to the proper judgment to be rendered, it may wait to be advised. Even if it tries the facts, it may enter its

decision as to them, and take time as to the law of the case. A party need not delay making his motion for a new trial until the judgment is entered. If the finding of fact be wrong, it is important that the court's attention should at once be called to it; and, therefore, the time within which it may be done has been limited to three days. It is urged, however, that this is requiring a party to jump in the dark; to act without knowing what the court may do. It is a sufficient response to this to say, *lex ita scripta est;* but we see no good reason why a party should be allowed to speculate on what the court may do; and if he does so, why should he not be required, as in numberless other cases, to risk his judgment?

Suppose that a party against whom a general verdict has been returned moves for a judgment in his favor *non obstante veredicto;* the court takes time upon the question and finally overrules the motion, and renders a judgment upon the verdict. In such a case can the plaintiff move for a new trial when more than three days have elapsed from the rendition of the verdict? We think not. The delay by the court in entering the legal conclusion can not extend the statutory period fixed for questioning the finding of fact. The rule upon this point is the same, whether the verdict be a general or a special one. In the latter case it is final as to the facts.

We have been unable to find but one case upon this question.

By the California Code, a notice of a motion for

a new trial must be given within two days from the *termination of the trial.*

In the case of Allen v. Hill, 16 Cal., 113, a special verdict alone was rendered upon January 14, 1860. Judgment upon it was reserved until January 20, 1860, and the notice of the motion for a new trial given upon the next day.

It was urged that it was not required that the notice should be given until the completion of the trial; and that it was not complete until the judgment was rendered upon the special verdict; but the court held otherwise, saying:

"It is urged that as the verdict was special it was necessary to invoke the action of the court before a judgment could be entered upon it, and that, therefore, the trial itself did not in contemplation of law terminate until the judgment was rendered. We can not assent to this view. The facts were settled by the verdict, and it only remained for the court to pronounce the conclusion of the law upon the facts found. If the court erred in this respect, the error is a proper subject of review, and a motion for a new trial was unnecessary. If the verdict was not satisfactory, the right to correct it did not depend upon the judgment, and the steps for that purpose should have been taken within the time limited by the statute."

In this case no question arises as to when the trial terminated, because under our practice the period within which a motion for a new trial must be made dates from the rendition of the verdict.

It is said, however, that there was no verdict

Vol. 83.]    SEPTEMBER TERM, 1885.    479

Imperial Fire Ins. Co. v. Kiernan.   Northern Ins. Co. v. Same.

upon which a judgment could be entered for the appellee; that it found no sum for which one could be rendered; that it should have found the facts, and declared that if upon them the appellee was entitled to recover, then that he was entitled to a certain sum, naming it, or that his damages were so much.

A special verdict at common law was one by which *the facts* of the case were put upon the record; and section 326 of our Code defines it as "the finding of *facts* by a jury as shown in their answers to questions submitted to them in writing."

It is true that section 327 of the Code, in speaking of it, says, that "on such finding the jury shall return a special verdict only;" but when the two sections are considered together, it is manifest that this only means that when such a verdict is ordered, it only shall be returned.

The petitions allege that the loss or damage was ten thousand dollars; the award fixed it at five thousand six hundred and two dollars and thirty cents, the appellants admitting in their pleadings that the question as to the amount of it was, by agreement, left to arbitrators, but denying that they found the award of five thousand six hundred and two dollars and thirty cents, which issue was, however, settled by the special verdict; the prayer of the petitions is for a judgment for the amount of the insurance, which was less than the amount of the award.

It is earnestly urged that, if the judgment was based upon the special verdict, that then it should

have been for the amount of the award, instead of the amount of the policy; that the lower court got the amount of the judgment from his own mind, instead of the verdict, beyond which he could not go to get the facts; and that it is the duty of a court in such a case to act upon the verdict as it is and not as it should be. True it is, that in such a case it is the province of the jury to find the facts, and the court to declare the law; and the damages to be recovered must be fixed by the jury, unless only a question of legal construction or a legal issue is involved.

The jury, however, only find facts which are *in issue*. Here the parties agreed that in the event of a loss the appellees should pay not exceeding a certain sum, although the actual damage might be much more.

If the parties had by contract fixed the amount of the damages, and the appellee had alleged it in his petition, then it would govern, and no finding as to it would have been necessary. It would not have been *in issue*. Did they not do what was equivalent to this when they by agreement submitted the question to arbitrators?

The special verdict found that the parties had, by agreement through arbitrators, fixed the entire loss, and it found the amount so fixed. This was before the court, together with the agreement of the parties, binding the insurer to pay a certain sum, which was less than the award.

Under these circumstances the question as to the amount for which the judgment should be rendered was merely a legal one, and involved no issue of fact.

Judgments affirmed.