## Mary L. Lambert et al.
## v.
## Frances Hyers.

*Foreclosure—Redemption—Sale—Assignment of Certificate of—Deed—Writ of Assistance.*

Upon an order directing the issuance of a writ of assistance in behalf of the grantee in a master's deed of real property sold under foreclosure proceedings, said grantee being the assignee of the certificate of sale, it being contended that the reversal of the decree of sale by this court subsequent to the execution and delivery of such deed operated to divest the title acquired thereby and that for such reason there was no foundation for the issuance of the writ, it is *held:* That the writ was properly issued, the facts being that the grantee in the deed was a stranger to the decree, and that the reversal was for an error only, of which the purchaser was not obliged to take notice.

[Opinion filed April 17, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. C. M. Hardy, for appellants.

Messrs. Francis Lackner and Marcus Hitch, for appellee.

If a judgment or decree is reversed for error it is a settled principle of the common law, coeval with its existence, that the defendant shall have restitution of the purchase money and the purchaser shall hold the property sold, unless, indeed, the plaintiff himself be the purchaser and still holds the title. Fergus v. Woodworth, 44 Ill. 381 ; Voorhees v. Jackson ex dem. the Bank of the United States, 10 Peters, 449.

Appellants were present at the sale, but gave no notice of their intention to contest the same. The appeal which they had prayed from the decree had not been perfected, although nearly four months (from February to June) had elapsed since the entry of the decree ; the time for perfecting said appeal

had expired. It would be fraud for a defendant to stand by and, without giving a purchaser any notice of his claim, allow a sale to be made under a decree then in full force and not appealed from, and then be permitted to bring a writ of error years afterward and attack the sale.

GARNETT, P. J. A decree of foreclosure was entered by the Circuit Court on February 24, 1885, in a cause then pending, wherein Frances Hyers was complainant, and Mary L. Lambert, Rudolph Lambert and others were defendants. From that decree the defendants prayed an appeal; which the court allowed, but nothing was done to perfect the appeal. At the master's sale, under the decree, on June 10, 1885, the premises decreed to be sold were struck off to John C. Ender, a stranger to the decree, he being the highest bidder, and a certificate of sale delivered to him. The certificate of sale was afterward assigned by Ender to Frances Livingston, and no redemption having taken place, the master, on September 22, 1886, executed and delivered a deed in due form, conveying the premises to her. Afterward the Lamberts sued out a writ of error, and at the March term, 1887, this court reversed the decree. At the February term, 1888, of the Circuit Court, on the application of Frances Livingston, a writ of assistance was ordered to be issued to place her in possession of the premises.

The Lamberts appealed from that order, and the sole question now presented is, should the writ have been allowed? No question is made as to the notice served and demand made being sufficient to authorize a writ, but appellants contend that the title acquired by the master's deed is divested by the reversal of the decree, and that there was for that reason no foundation for the issuance of the writ.

If the complainant had been the purchaser at the master's sale, and continued to hold the title until the writ of error became *lis pendens*, the point would doubtless be in accord with the authorities. But it is the policy of the law to encourage bidding at judicial sales, and the fixed rule of this State permits a stranger to the decree to purchase, without incurring the risk of a mere error that may be developed at any time

within five years after the decree is entered. Feaster v. Fleming, 56 Ill. 457; Hays v. Cassell, 70 Ill. 669; Hedges v. Mace, 72 Ill. 472; Fergus v. Woodworth, 44 Ill. 381; Murphy v. Loos, 104 Ill. 514. At the time of the decree the court had jurisdiction of the parties to, and subject-matter of, the suit.

The reversal was for an error only, which the purchaser was not obliged to search for. The order of the Circuit Court is affirmed.

*Order affirmed.*