KATY HOFFMAN, Appellant, v. MANUFACTURERS' ACCIDENT INDEMNITY COMPANY, Respondent.

Kansas City Court of Appeals, January 29, 1894.

| 56 | 301, |
| 62 | 526 |
| 56 | 301 |
| 63 | 670 |
| 56 | 301 |
| 68 | 349 |
| 56 | 301 |
| 82 | 614 |
| 56 | 301 |
| f83 | 449 |
| 56 | 301 |
| 98 | 418 |

1. **Accident Insurance**: CONDITION REASONABLE OR UNREASONABLE: NOTICE. A condition in an accident insurance policy, requiring the beneficiary to give notice of the death, within ten days of the happening of the accident causing it, is impossible and, therefore, unreasonable, in a case where the death does not occur within ten days aft,r such accident, and such condition is invalid.

2. ———: BENEFICIARY'S INTEREST. The beneficiary in an accident insurance policy, until the death of the insured, has, at most, inchoate and contingent interest, and the insured cannot recognize her as a party to the contract having a present interest therein.

3. ———: INTERPRETATION. When a stipulation in a policy of insurance, emanating from the insurer, is capable of two meanings, that meaning is to be adopted which is most favorable to the insured, and doub.. must be resolved in favor of the interpretation of the assured, a. hough intended otherwise by the insurer.

4. ———: PROOFS: WAIVER: JURY QUESTIONS. After the death of the insured, the beneficiary gave timely notice and asked for blanks to make proofs upon as required by the policy. The insurer refused the blanks on the ground the notice was out of time. *Held*, the proofs of loss were waived. Moreover, where there is any evidence tending to prove a waiver, it should go to the jury.

*Appeal from Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Gerson B. Silverman* and *William Aull* for appellant.

(1) Under the law of condition precedent and from the evidence in the case, Katy Hoffman fully complied, in every particular, with all the requirements of the certificate of insurance by her to be performed. This is her cause of action—she sues for the death benefit. Albert Hoffman did not, nor does any one for him, ask for any benefit from the respondent. And we cite the following authorities: *Acc't Ass'n v. Smith*, 126 Pa. St. 317; also, 12 Am. St. 870, cases cited and note thereto; *Acc't Indemnity Co. v. Fletcher*, 5 Ohio Circuit Court, 633; 5 Bigelow Reports; *Ins. Co. v. Mary Wilkinson*, 53 Ga. 535; 1 Am. and Eng. Encyclopædia of Law, 87–93, with cases cited and notes. (2) Construction and interpretation of insurance policies most favorable to the insured. *McGlinchey v. Fidelity & Casualty Co.*, 6 Am. St. Rep. 190; *La Force v. Ins. Co.*, 43 Mo. App. 519; *Dawson, Adm'r., v. Acc't Ins. Co.*, 38 Mo. App. 355; *John B. Hale v. Ins. Co.*, 46 Mo. App. 508; *Reynolds v. Ins. Co.*, 47 N. Y. App. 597; *Hoffman v. Ins. Co.*, 32 N. Y. A. 405; in particular *Wallace v. Ins. Co.*, 41 Fed. Rep. 742. An insurance company makes its own conditions and they will be interpreted most strongly against it. *Renshaw v. Ins. Co.*, 103 Mo. 597; *Brown v. Passenger Ass'n*, 45 Mo. 222; and in particular *Utter v. Ins. Co.*, 8 Am. St. Rep. 914.

*Wallace & Chiles* for respondent.

The giving of this notice is a condition precedent to the recovery for an accident under said certificate. *Nickols, Shepherd & Co. v. Larkin*, 79 Mo. 271; *Forse v. Lodge*, 41 Mo. App. 106, at 112; Revised Statutes,

1889, section 2079; *Seibert v. Chosen Friends*, 23 Mo. App. 268, at pages 272, 273; *Renshaw v. Ins. Co.*, 103 Mo. 595, at 604; *Mason, Trustee, v. Payne*, 47 Mo. 517; *Bassett v. Irons*, 8 Mo. App. 127; *Monks v. Miller et al.*, 13 Mo. App. 361; *Smith v. Knights of Father Mathew*, *supra*; *Barnes v. Ins. Co.*, 30 Mo. App. 550, 551.

SMITH, P. J.—In consideration of the sum of $5 as a membership fee, and of such future payments as should be required under the articles of incorporation and by-laws of the defendant, an accident indemnity insurance company, it executed and delivered to Albert Hoffman an insurance contract by which he was received as a member of defendant company and thereby bound itself, within ninety days after the receipt of satisfactory proof of the death of the said member, effected through external, violent and accidental means, within the intent and meaning of the said contract and the conditions thereto annexed, and such injuries alone having occasioned the death within ninety days of the happening thereof, to pay the plaintiff, the wife of the said member, $1,500 from the benefit fund of the company.

In the eleventh condition of the contract it was provided: "In the event of an accident or injury for which or from which, directly or indirectly, any claim may be made under this certificate, either for weekly indemnity or loss of limbs or loss of both eyes or for the death benefit, immediate notice shall be given in writing signed by the member or his attending physician, or in case of death by the beneficiary, addressed to the secretary of the company, at Geneva, New York, stating the full particulars as to when and where and how it occurred, and the occupation of the member at the time, and his address; and failure to give such immediate notice, mailed within ten days of

the happening of such accident, shall invalidate all claim under this certificate." It was further set forth in said condition, that unless direct proof of the accident and the death be furnished to the defendant company on its blanks within one month from the date of the death, then all claims under the contract should be forfeited.

It appears from the evidence that the insured, on the last day of December, 1891, slipped from a wagon which he had been driving and in the fall his head came in violent contact with a wedge-shaped piece of wood which inflicted a long and deep cut on it just above one of his eyes. His injuries, thus received, were quite severe. He lived thereafter for forty days when he died from inflammatory rheumatism, which, in the opinion of the medical experts, was caused by the injury he had received. Neither the insured nor his attending physician gave the defendant company any notice of the accident or injury. Eight days after the death of the insured, his father, at the request of the plaintiff, wrote the defendant company notifying it that the insured "had received injuries about his head about six weeks ago and had been sick and disabled ever since and died February 10. The defendant company within five days thereafter, in acknowledging the receipt of the notice to the father, informed him "that the policies issued by this company provide, that no claim shall be made unless proper notification of the happening of any injury for which claim is made is given to the secretary of this company, mailed within ten days of the happening of the accident." Some nineteen days after the death of the insured, the plaintiff herself gave the defendant a notice which was a substantial compliance with the requirements of said condition. In this notice the plaintiff requested defendant company to send her proper blanks for proof of

accident and death. The response of the defendant company to this was, that it declined to accept the notification as it was not within the requirement of the said condition.

The trial court excluded the correspondence just referred to, on the ground that the notice given to defendant company was not a compliance with the requirements of the condition of the contract. The court, at the conclusion of the plaintiff's evidence, instructed the jury that the plaintiff was not entitled to recover.

While a number of questions have been discussed by counsel, both in their briefs and here at the bar, it seems to us that about the only one which we need consider is that arising on the construction of the contract sued on.

The defendant, by the express terms of its contract, promised to pay the plaintiff $1,500 in the event of the death of the insured through external, violent and accidental means, within ninety days of the happening of the injury. It is not disputed that the insured did die within ninety days after the happening of the injury. Whether the injury was the proximate cause of the death is a question that is not involved in that which we are now considering. The defendant concedes its promise to plaintiff to be as has just been stated, but contends that the same was upon the condition set forth in the eleventh clause of the contract, to the effect that the plaintiff was obliged to give the defendant company the immediate notice therein required, otherwise forfeit her claim to the death benefit.

Under the facts of this case, as must be seen, if this were a valid and binding condition of the promise of defendant company then its performance by the plaintiff was wholly impossible. If the insured had

died from his injuries in less than ten days after the accidents it would have been possible for the plaintiff to have deposited the notice thereof within the ten days' time required by the alleged condition. But the insured died forty days after the receipt of the injury, so that it was then impossible for the plaintiff to give the defendant any notice within the ten days after the happening of the accident. The beneficiary, until the death of the insured, had, at most, only an inchoate and contingent interest in the policy. The insurer could not, until that event occurred, recognize her as a party to the contract having a present interest therein. She could have no claim under the contract until the death of the insured, and therefore she could give no notice of the accident or injury until that event occurred. She could not give the notice after the death of the insured, because of the remoteness of that occurrence from that of the injury.

Nor will it do to say that, if the insured or his attendant physician could have given notice of the injury within the required time, that would have sufficed for the preliminary notice required to be given by the beneficiary when death ensues. Nothing of the kind is authorized by the language of the condition. It is not to be doubted that it was impossible, under the language of the condition relied on, for either the plaintiff or any one for her to have given the notice within the time therein required.

It remains now to be determined whether the condition is valid and can be invoked as a defense in a case where the facts are as here. It is competent for parties to stipulate for such conditions as they please in regard to notice and proofs of loss, provided, always, that such conditions are reasonable. Bacon on Benefit Societies and Life Insurance, section 403. It has been ruled that the condition in a fire policy requiring a

certificate or affidavit from the nearest magistrate or fire marshal stating certain facts, was unreasonable and therefore void. *Universal Fire Ins. Co. v. Block,* 109 Pa. St. 535. It needs no further argument to show that the requirement of the condition in this case is unreasonable, and if unreasonable, it is void. Again in section 429 of Mr. Bacon's work on Benefit Societies and Life Insurance, it is said that, "If at the time of insurance of a policy the company knew that the performance of a condition was impossible, or that such condition was inconsistent with the facts, the company will be deemed to have waived performance of such condition, and is estopped from claiming the benefit of it, if the assured has been guilty of no fraud." If we apply these principles to the facts of this case, then we must hold that the defendant waived the condition in the contract, in respect to notice.

But the plaintiff, as we understand it, does not maintain that the condition of the contract is void, in so far as it requires the claimant of the death benefit, in cases where the death occurs at the time of the accident or in less than ten days thereafter, to mail the notice to defendant company within ten days after the accident happened, for in such case it is made possible, by the requirements of the condition, for the beneficiary to comply therewith. The requirement in such case is neither unreasonable or impossible and, therefore, ought to be met by the beneficiary. But the plaintiff's contention is, that by no fair or just interpretation of the contract can it be held when the insured dies, as in this case, more than ten days after the accident, that it is the duty of the beneficiary to give notice of the death within ten days after the accident, for that would be unreasonable and absurd. The law does not exact the performance of a condition precedent of that kind in a contract of insurance.

The plaintiff further maintains that, in a case where the death occurs more than ten days after the accident, the contract does not require notice of the accident to be given within ten days after the happening of the latter nor, indeed, at all. Or, if required, then reasonable notice will be sufficient. By the defendant's construction of the contract no claim of the death benefit can be valid unless the beneficiary has mailed the defendant company notice of the accident within ten days after the happening thereof, and this, too, whether the death occurred at the time of the accident or at any time within ninety days thereafter. The plaintiff construes the contract to mean one thing and the defendant company another. These constructions so widely differ that if that of plaintiff is upheld there is liability, and if that of the defendant, there is none.

The insurance company prepared the contract, embodying in it such conditions as it deemed proper, and it was in duty bound to use language so plain and clear that the insured could not mistake or be misled as to the burdens or duties thereby imposed upon him or the beneficiaries therein. *Wallace v. Insurance Co.*, 41 Fed. Rep. 742. We do not think that any one would contend for a moment that, had the insured understood that by the conditions annexed to the contract that in case his death happened from an accidental cause more than ten days thereafter, that his wife, the sole beneficiary, was required to perform the impossible duty it imposed in respect to the giving of notice or forfeit the death benefit, that he could have accepted it with that condition annexed. The general rule is, that when an exception or stipulation to a policy of insurance, emanating from the insurer, is capable of two meanings, that meaning is to be adopted which is most favorable to the insured. And when an insurance company

tenders a policy to a party seeking to be insured, and uses in the policy ambiguous words, these words will be held to have the meaning most favorable to the insured, as the presumption is, that on this construction he took the policy. If the conditions of a contract of insurance is capable of two meanings, that meaning must be adopted which is most favorable to the insured. Wharton on Contracts, sec. 670; Bliss on Insurance, sec. 385, and cases cited to note 5; Cook on Insurance, 4. So it has been ruled that when the language of the promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee. Bliss on Insurance, *supra; Hoffman v. Insurance Co.*, 32 N. Y. 405; *Potter v. Insurance Co.*, 5 Hill. 149. And we have declared it to be a rule of construction, in cases where there is a doubt in respect to the meaning of the terms of a clause of an insurance policy, that the doubt must be resolved in favor of the interpretation of the assured, although intended otherwise by the insurer. *Hale v. Insurance Co.*, 46 Mo. App. 509; *LaForce v. Insurance Co.*, 43 Mo. App. 530.

Now, in looking at the contract itself, in connection with the annexed conditions, we cannot doubt, whatever was the intention of the defendant company, that the insured accepted it with the understanding that his wife would receive the benefit therein provided, if he died from an accidental injury and she presented a claim for such death benefit supported by satisfactory proof within ninety days from the happening of the accident that occasioned his death. We doubt not in his dying moments that this was one of the consoling reflections that lingered in his mind. And we should be recreant to the mandates of duty as enjoined by the well settled rules of law to which we have just adverted, were we to discountenance what seems to us to be the

just claim of his widow on the narrow ground of objection interposed by the demurrer. We must hold that the defendant company's promise cannot be hampered and rendered nugatory by the unreasonable condition which is insisted on by it in avoidance of plaintiff's claim. On the contrary, we must give the contract that construction which best accords with reason and common fairness.

We think that the most the contract required of the beneficiary, giving it the most liberal construction to which it is entitled, was to give the defendant company ten days' notice of the death, after its occurrence. And this notice was given by the father of the insured, which must be deemed sufficient. Richards on Life Insurance, sec. 264.

It is true that the plaintiff did not make affirmative proof of the accident or injury and death within ninety days after the injuries which occasioned the death, and within one month from the date of the latter event, but she applied to the defendant company within both of these periods for the customary blanks of the company on which to make the same but which it declined to furnish her. This must be taken to be a waiver of the proofs by the condition required. Cooke on Life Insurance, 213, 214; *Grattan v. Metropolitan Co.*, 80 N. Y. 281; *Covenent Mutual Ass'n v. Spies*, 114 Ill. 463; *Dial v. Valley Mut. Ass'n*, 29 S. C. 560. As to whether there has been, in any case, a compliance with the contract in furnishing proof of loss, or a waiver thereof where there has been introduced any evidence tending to prove the same, are questions that should be left to the jury. *Summers v. Insurance Co.*, 45 Mo. App. 46; *Insurance Company v. Shipman*, 77 Ill. 189; *Insurance Co. v. Spankneble*, 52 Ill. 55; *Rivara v. Insurance Co.*, 62 Miss. 720.

Our conclusion is that the plaintiff, under the evi-

dence adduced by her, made out a *prima facie* case entitling her to go to the jury, and it therefore follows that the court erred in its denial to her of that right by sustaining the demurrer of the defendant company.

The judgment will be reversed and cause remanded. All concur.