PABST BREWING COMPANY, Respondent, v. UNION
INSURANCE COMPANY OF PHILADELPHIA,
Appellant.

Kansas City Court of Appeals, December 2, 1895.

1. **Insurance**: CONSTRUCTION. A policy of insurance is to be inter-
preted in all respects by the same rules as other contracts and so as
to ascertain the meaning and intention of the parties from the whole
instrument.

2. ———: ———: DESCRIPTION OR WARRANTY. An insurance policy
on a building described it as "occupied for store and dwelling
purposes and saloon." It likewise contained permission for thirty
days' vacancy from date of the policy. If the descriptive words
under other circumstances would be construed to be a warranty, still
with a vacancy permission they can not be so construed and they
necessarily serve to indicate the character of the building and do not
prevent a change in the nature and character of the occupancy.

3. ———: ISSUES: OCCUPANCY: INSTRUCTIONS: FORFEITURE. Under the
policy and pleadings in this case plaintiff was entitled to recover if there
was any occupancy of the premises from the expiration of the thirty
days of permitted vacancy until fifteen days of the fire, in which
event the policy would not be forfeited; and an instruction to that
effect was properly refused. *Cook v. Ins. Co.*, 70 Mo. 610, *distin-
guished.*

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*Wash Adams* for respondent.

(1) There is no forfeiture under the vacancy clause
pleaded by defendant if the premises were occupied for
any purpose whatever continuously from March 20,
1891, to within fifteen days of the fire. *Ins. Co. v.
Brockway*, 39 Ill. App. 43; *Ins. Co. v. Kieman*, 83 Ky.

473.   Other claims in order to be available to the defend-
ant must be pleaded.  *Moody v. Ins. Co.*, 38 N. E. Rep.
1011; 1 Wood on Insurance [2 Ed.], p. 503, sec. 209;
*Ins. Co. v. Kemper*, 25 S. W. Rep. 999; *Vinegar Co. v.
Guggemos*, 98 Mo. 392; *Fenwick v. Bowling*, 50 Mo. App.
523.   There are, however, other reasons why this claim
of forfeiture should not prevail.   (2)  There is no war-
ranty that the premises shall be and continue to be
occupied for "store, dwelling purposes and saloon,"
and for no other purpose during the whole term of the
policy.   *O'Neil v. Ins. Co.*, 3 N. Y. 122; *Frisbee v.
Ins. Co.*, 27 Pa. St. 325; *Smith v. Ins. Co.*, 32 N. Y.
399; *Schmidt v. Ins. Co.*, 41 Ill. 295; 1 Wood on Ins.
437; *Ins. Co. v. Brockway*, 28 N. E. Rep. 799; 1 Wood
on Fire Ins. [2 Ed.], pp. 444, 445, 446, 447, 450,
451; *Boardman v. Ins. Co.*, 20 N. H. 551; Wood on Fire
Ins. [2 Ed.], pp. 469, 470, 471; 1 Wood on Fire Ins.,
p. 44.   (3)  If it is doubtful whether certain state-
ments made by the insured relative to the subject of
insurance are to be regarded as warranties or represen-
tations, they will be regarded as representations merely.
1 Wood on Fire Ins. [2 Ed.] 417; 1 Wood on
Fire Ins. [2 Ed.], pp. 425, 426; *Freedlander v. Assur.
Co.*, 1 M. and Rob. 171; May on Ins., p. 333; May on
Ins., p. 316; May on Ins., p. 291.   (4)  The knowl-
edge of the agent at the time of effecting the insurance
of the fact of vacancy and nonoccupancy of the insur-
ed premises renders that fact unimportant, since it
would be unjust to permit the company to take advan-
tage of it.   Wood on Ins. [2 Ed.], p. 211–219; *Short
v. Ins. Co.*, 90 N. Y. 16; *Ins. Co. v. Spankneble*, 52 Ill.
53; Wood on Ins. [2 Ed.], p. 211; *Kranich v. Ins.
Co.*, 36 Mich. 289; *Woodruff v. Ins. Co.*, 83 N. Y. 133;
*Williams v. Ins. Co.*, 50 Iowa, 561; *Haight v. Ins. Co.*,
92 N. Y. 51; *Spankneble v. Ins. Co.*, 52 Ill. 60; *Jones
v. Ins. Co.*, 62 Ill. 458; 1 Wood on Fire Ins. [2 Ed.],

pp. 355, 356, sec. 152; *Roberts v. Ins. Co.*, 26 Mo. App. 92; *Breckinridge v. Ins. Co.*, 87 Mo. 71; *Combs v. Ins. Co.*, 43 Mo. 148.

*H. L. McCune* and *J. W. S. Peters* for appellant.

(1) An occupancy that measurably lessens the vigilance and care consistent with the uses of a building for the purposes for which it was insured is not an occupancy within the meaning of the term as employed in policies of insurance. *Cook v. Ins. Co.*, 70 Mo. 610; *Craig v. Ins. Co.*, 34 Mo. App. 481; *Ins. Co. v. McPike*, 62 Miss. 710; *Paine v. Ins. Co.*, 5 N. Y., S. C. R. 619; *Ashworth v. Ins. Co.*, 112 Mass. 422; *Keith v. Ins. Co.*, 10 Allen (Mass.), 228; Wood on Insurance, sec. 209; *Halpin v. Ins. Co.*, 23 N. E. Rep. (N. Y.) 402. (2) Sleeping in a building without taking meals there is not occupancy. *Cook v. Ins. Co.*, 70 Mo. 610. (3) Visiting a house regularly once a week, to see that it is all right, was not occupancy, though all the furniture was there. *Herman v. Ins. Co.*, 85 N. Y. 162. *A fortiori* using it to play in a band would not be occupancy, but rather a nuisance. (4) The condition that a policy shall be void if the building therein mentioned be vacated or left unoccupied is absolute. *Wheeler v. Ins. Co.*, 53 Mo. App. 446, and cases cited. (5) The permission to remain vacant for thirty days indorsed on a policy of insurance leaves the rights of the parties at the end of the thirty days precisely the same as if the building had been occupied when the insurance was effected. *Bank v. Ins. Co.*, 23 N. E. Rep. 210; *Bank v. Ins. Co.*, 150 Mass. 374.

SMITH, P. J.—This is an action on a fire insurance policy, issued February 25, 1891, and which contained the following provisions:

"$1000 on the two-story building and all improvements and stone sidewalks, occupied for store and dwelling purposes and saloon.

"The assured, by the acceptance of this policy, hereby covenants and agrees: To notify the company if the above mentioned premises shall become vacant or unoccupied, and so remain for more than fifteen days, or of any change in the nature or character of the occupation, or of any increase of hazard within the control or knowledge of the insured.

"This policy shall become void by the failure or neglect of the assured to comply with its terms, conditions, or covenants."

It does not appear from the evidence that there was a formal written application made for the policy to defendant's agents. It does appear, however, that the person who made the informal application, informed defendant's agents that the building, which it was desired to have insured, was then unoccupied, and that there were some saloon fixtures therein. The policy was subsequently issued with the above descriptive words, and sent to the agent of the plaintiff. The latter, on discovering the descriptive clause, returned it to the defendant's agents, at the same time calling their attention to the fact that the building was then unoccupied. The defendant's agents thereupon wrote on the policy the following, to wit: "Permission granted for vacancy, for thirty days from date of policy."

The question here arises, what was meant by the descriptive words "occupied for store and dwelling purposes and saloon."

A contract of insurance differs in no respect from other contracts, as to the rules of interpretation. The object is to ascertain the meaning and the intention of the parties, to be gathered from the whole instrument.

*Renshaw v. Ins. Co.*, 103 Mo. 604. It should be so construed as to give meaning to all its provisions. *Ins. Co. v. Kieman*, 83 Ky. 473. It may be that the descriptive words of the policy, which we have just quoted, standing alone, without the indorsement thereon already referred to, would be construed to be a warranty that the building was, at the time of the insurance, ''occupied as a store, dwelling, and saloon.''

But if we endeavor to arrive at the intention of the parties, and take into consideration, as we must, the indorsement made on the policy at the time of its issue and acceptance, we can not conclude any such warranty was within such intention. If the effect of the descriptive words of the policy, relating to the risk, was to create a warranty that the building was occupied as a store, etc., at the time of the issue of the same, that effect is greatly restricted by the words of the indorsement. If the insurer understood the building was then occupied, why did it, at the time of the assumption of the risk, grant the insured thirty days vacancy? The grant of permission for thirty days vacancy presupposes a knowledge on the part of the insurer, of the fact that the building was then unoccupied. Independent of the indorsement, the descriptive words of the policy amount only to a warranty *in presenti*, and that the building would not be devoted to more hazardous uses in the future, without notice to the insurer. Wood on Ins., sec. 198, and authorities there cited.

Allowing the indorsement as to the thirty days' vacancy, together with the facts and circumstances disclosed by the evidence, to have the influence to which they are entitled in the construction of the descriptive clause of the policy, we can not escape the conclusion that it constitutes no warranty at all, that the building which was covered by the policy was

then occupied as dwelling, store, and saloon. The words of the descriptive clause can not be held to imply more than that the vacant building, *previously occupied* for a store, dwelling, and saloon, was insured for the sum of $1,000. These words indicated the character of the building—the purpose for which it had been ordinarily used.

There is nothing which would justify the contention that it was the intention, or understanding, of the parties, that the descriptive words should have a broader significance. The only issue of fact in the case was whether, after the expiration of the thirty days from the date of the policy, the building was allowed to remain vacant or unoccupied, and thus remained for more than fifteen days; for, if so, that was sufficient to render the policy void. Of the three conditions of forfeiture contained in the clause of the policy hereinbefore transcribed, only that which is to the effect that the policy shall become void by the failure or neglect of the assured to notify the insurer if the premises shall become vacant or unoccupied and so remain for more than fifteen days, was pleaded in the answer as a defense. The others not being pleaded, there can be no issue as to them.

The instructions given by the court, at the request of both plaintiff and defendant, fully covered the issue made by the pleadings. It is an undisputed fact that when the policy was issued, the premises were vacant and unoccupied and with the written consent of the defendant could remain so for thirty days thereafter. The question was not, as in *Cook v. Ins. Co.*, 70 Mo. 610, whether the premises were occupied for a specific purpose, nor whether such premises were occupied for store, dwelling, and saloon purposes, for the policy, as we have seen, contains no such condition, or, if so, the same is not pleaded as a defense. Nor does the

question of the right of the plaintiff to change the nature and character of the occupancy arise, as counsel seem to suppose, since there is no such condition of the policy pleaded.

The defendant contends that the court erred in refusing to give its second instruction, which told the jury that the occupancy of the insured building for occasional use by a brass band for practice, or the occupancy of one room therein by a man during the daytime, as a sleeping place only, was not such occupancy as was contemplated by the policy; and, in support of this contention, cites *Cook v. Ins. Co., supra.* The question there was whether the premises were occupied as a dwelling house; while here it is whether the premises, after the expiration of the period of thirty days from the date of the issue of the policy, were vacant and unoccupied for any purpose, for fifteen days. There is no condition or stipulation in the policy by which the plaintiff obligated itself to limit the occupancy of the premises to "dwelling, store, and saloon purposes;" nor, indeed, to any other particular purpose. We have already demonstrated that the words just quoted are merely descriptive of the premises and do not constitute a warranty. These descriptive words neither restrict nor enlarge the meaning of those employed in the condition pleaded in the answer. The language of the condition must be construed without being influenced by that of the descriptive clause. In the present case, unless the premises were wholly unoccupied or vacant for all purposes, there could be no forfeiture under the vacancy clause. *Ins. Co. v. Brockway,* 33 Ill. App. 43.

In order to entitle the insurer to claim the benefit of a forfeiture under that clause, it devolves upon it to show a total nonoccupancy of the premises, of which there is no pretense in this case. The law regards for-

feitures with disfavor.    And where there is doubt in respect to the meaning of the terms of an insurance policy, that doubt must be resolved in favor of the interpretation of the assured, although otherwise intended by the insurer.    *LaForce v. Ins. Co.*, 43 Mo. App. 530; *Hale v. Ins. Co.*, 46 Mo. App. 509; *Hoffman v. Ins. Co.*, 56 Mo. App. 301.

It seems to us that, under any fair and reasonable construction of the condition of the policy in question, if the premises were occupied for any purpose whatever continuously from the date of the expiration of the thirty days' vacancy allowed by the insurer until fifteen days of the fire, there could be no forfeiture. *Ins. Co. v. Brockway, supra; Ins. Co. v. Kieman*, 83 Ky. 473.    If the members of a band of music occupied one room in the building and a lodger another, how can it be said there was no occupancy within the meaning of the policy?    There was no error in the action of the court in refusing the defendant's instruction to which we have previously referred.

It is manifest that under the issues in this case the reasoning in *Cook v. Ins. Co., supra*, and *Bank v. Ins. Co.*, 150 Mass. 374, can have no application.

It results from the foregoing considerations that the judgment must be affirmed.    All concur.