SUE M. RENN et al., Respondents, v. SUPREME LODGE KNIGHTS OF PYTHIAS, Appellant.

Kansas City Court of Appeals, March 5, 1900.

1. **Benefit Societies:** INSURANCE: CONTRACT: CONSTRUCTION. The parties to a benefit certificate of insurance have a right to make their own agreement; and the contract will be construed by the same rules that govern the interpretation of other contracts and its meaning must be gathered from the whole instrument in the light of its surroundings.

2. ———: ———: ———: ———. The policy is the law by which the mutual rights and liabilities of the parties are to be measured and should be construed strictly against the insurer, where they narrow the range and force of the obligation or provide for forfeitures.

3. ———: ———: CONSTRUCTION: STIPULATION AGAINST POISON. A certificate of insurance provides for a deduction in case of death caused by use of opiates, etc. The insured died from an overdose of morphine taken to allay physical pain. Held, this did not exempt the insurer if the jury found that the morphine was taken to lessen pain and it was proper to so instruct the jury. If taken to relieve pain the overdose is presumed to be unintentional.

Renn v. Supreme Lodge K. of P.

4. ———: ———: CONTRACT: CONSTRUCTION. The meaning of an insurance contract must be adopted which is most favorable to the insured and any doubt must be resolved in his favor though intended otherwise by the insurer.

5. ———: ———: ———: ———: INSTRUCTION. An instruction relating to damages is held to conform though inartistically to the preceding interpretation of the contract of insurance.

Appeal from the Cole Circuit Court.—*Hon. W. D. Shackleford*, Judge.

AFFIRMED.

*Warwick Hough* and *Warwick M. Hough* for appellant.

(1) The agreement in the application of the deceased, that if his death should be caused or superinduced by the use of narcotics or opiates, it should render void his policy, is valid and binding. Ins. Co. v. Stibbe, 46 Md. 302; Ins. Co. v. Davey, 123 U. S. 739; Ins. Co. v. Davey, 38 Fed. Rep. 650; s. c., 40 Fed. Rep. 911; McGlother v. Ins. Co., 89 Fed. Rep. 685; Adkins v. Ins. Co., 70 Mo. 27; Haynie v. K. T. M. I. Co., 139 Mo. 416; Sparks v. K. T. M. I. Co., 61 Mo. App. 109. (2) The agreement in the application and the certificate, that the member's rights should be controlled by all the laws of the Order then in force, or which might thereafter be enacted, was declared upon in the petition, and is valid and binding. Daughtry v. K. of P., 48 La. Ann. 1203; Dornes v. K. of P., 75 Miss. 477; Kutcher v. K. of P., 179 Ill. 340; Trebbe v. K. of P., 179 Ill. 345. (3) At the time of death there was a law in force which provided for a proportionate payment in case of death from narcotics or opiates. The plaintiffs were given the benefit of this last law, and a tender was duly made of the proper amount payable thereunder. This tender being refused, was continued by payment into the registry of the court after suit brought. (4) The testimony shows, and the court will take judicial notice

of the fact, that morphine is both a narcotic and an opiate. (5) It is admitted that the deceased died from an overdose of morphine administered by himself, and taken of his own volition. (6) Even though the dose of morphine which caused the death of Schwaller was taken by him under the mistaken belief that it would not produce death, his death was, nevertheless, caused or superinduced by the use of a narcotic or opiate within the meaning of the law of the order, which became and was a part of his policy. (7) The motive of the deceased in taking the morphine which caused his death is wholly immaterial. No matter what his motive may have been, his death was caused or superinduced by the use of a narcotic and opiate. (8) It follows that the instructions given for the plaintiff should have been refused, and the instructions asked by the defendant, and refused by the court, should have been given.

*Silver & Brown, Edwards & Edwards* for respondents.

(1) Forfeitures are not favored either at law or in equity, and this is especially true in reference to life insurance policies. McMaster v. Ins. Co., 90 Fed. Rep. 40, 45; Bank v. Ins. Co., 95 U. S. 673, 678; Renshaw v. Ins. Co., 33 Mo. 394. (2) "The law gives a reasonable construction to all contracts." Hall v. School District, 24 Mo. App. 219. (3) Instruction numbered 1, as given by the court at plaintiff's request, correctly stated the law applicable to the facts and circumstances of this case. Ins. Co. v. Davey, 123 U. S. 739. (4) Where material facts are left in doubt or inferences are to be drawn from facts proved, the questions presented are for the jury. Kelly v. Railway, 70 Mo. 604, 608; Turner v. Langdon, 85 Mo. 438, 440. (5) The court did not err in giving instruction numbered 2 as asked by plaintiffs. (6) Nor did the court in refus-

ing to give instructions 1, 2, 3 and 4, in the forms asked by the defendant. In the forms asked they would have conflicted with instruction numbered 1, already given for plaintiffs, and would have been misleading. They were further defective in ignoring plaintiffs' theory of the case. Craycroft v. Walker, 26 Mo. App. 470; Evers v. Shumaker, 57 Mo. App. 454; Stocker v. Green, 94 Mo. 280. The trial court was not required to add the necessary qualifications to defendant's instructions, or to properly frame them. Jones v. Railway, 43 Mo. App. 399.

SMITH, P. J.—It is conceded that the defendant, a corporate entity, by the certificate upon which this action was brought, promised to pay the plaintiffs, the beneficiaries therein named, the sum of two thousand dollars upon due notice and satisfactory proof of the death of the assured, unless "death shall result by self destruction, whether sane or insane, voluntarily or involuntarily, or if death is caused or superinduced by drunkenness, or by the use of narcotics or opiates," etc., "then the amount to be paid upon such member's certificate shall be a sum only in proportion to the whole amount as the matured life expectancy is to the entire expectancy at the date of admission to the endowment rank." The defense pleaded in the defendant's answer was that the death of the assured was caused or superinduced "by the use of narcotics or opiates."

The substance of the evidence adduced at the trial was to the effect that the assured died from the effects of an overdose of morphine; that in 1893, while in the state of Texas, he suffered a sunstroke, and that while there he used morphine, under the advice of a physician, to allay pain in the head; that at and for some time prior to his death he had a sore leg which gave him considerable trouble and required the treatment of a physician; that he was confined to his bed for the

five days preceding his death and that the effect of morphine is to quiet pain and promote sleep; that only a few hours before the death of the assured he was visited at the house of his sister, where he was confined to his room, by his *fiance* with whom he discussed and arranged for their marriage soon thereafter to take place.

The theory upon which the case was by the court submitted to the jury for the plaintiffs, as appears from the first instruction given for them, was that, even though the death of the assured was caused by his voluntarily taking of morphine shortly preceding his death, still this did not exempt defendant from liability if it was found by the jury, from all the facts and circumstances in evidence, that the assured was at the time of taking the morphine suffering from a sore leg, or from other physical ailment, and took said morphine solely to lessen his pain and suffering and in so doing unintentionally and accidentally took an overdose or excessive quantity which caused his death. It is contended by the defendant that this instruction was erroneous and harmful in expression. The point thus presented for our consideration is, whether or not the exception contained in the certificate already quoted includes a case where the assured is suffering from a physical ailment and takes morphine solely to lessen his pain and in doing so unintentionally and accidentally takes an excessive quantity which causes his death?

Undoubtedly, parties to a benefit certificate of insurance have the right to make their own agreement to pay indemnity on the event of the death of the assured without reference to the cause thereof or to stipulate that if death result from certain specified causes there shall be no liability. A contract of insurance should be construed by the same rules that govern the interpretation of other contracts, the object being to ascertain the meaning and intention of the parties, which must be gathered from the whole instrument in the light of

surrounding circumstances in contemplation of which they are supposed to contract. Brewing Co. v. Ins. Co., 63 Mo. App. 663; Renshaw v. Ins. Co., 103 Mo. 595. A contract as well as a statute should be construed so as to give it a reasonable effect. Everything contained in a written agreement by necessary implication is as much a part thereof as if written out in words. Donohoe v. Kettell, 1 Clifford 144.

The policy is the law of the legal relations of the parties by which their mutual rights and liabilities are to be measured. Weisenberger v. Ins. Co., 56 Pa. St. 422. Conditions and provisions in policies are to be construed strictly against the company as they tend to narrow the range and limit the force of the principal obligation. Conditions providing for disabilities and forfeitures are to receive, where the intent is doubtful, a strict construction against those for whose benefit they are introduced,

The case of McGlother v. Ins. Co., 89 Fed. Rep. 685, was where the assured, who was a doctor, had died from poison unintentionally, voluntarily and unconsciously taken without knowing it was poison and in the belief that it was harmless medicine which had been prescribed by him as a drink for his patients. The insurance was against death by accidental means. There was a condition in the policy that it should not cover or extend to death from poison. It was held that whether the poison was taken consciously or unconsciously, voluntarily or involuntarily, intentionally or unintentionally, with or without knowledge, that the death was nevertheless caused by poison and that therefore the death of the insured fell within the exception. The question here presented did not arise in that case.

In Davey v. Ins. Co., 132 U. S. 739, where it is said that the insurer undertook to protect itself against the improper use in the future by the insured of alcoholic stimulants and to that end it provided in the policy that if the assured

should become so far intemperate as to impair his health or induce delirium tremens the policy should become void. And it was in effect there declared that the excessive use of alcoholic stimulants by the insured if taken in good faith for medical purposes, or by medical advice, was not within the exception and would not avoid the policy. And so it may, with equal propriety, be said that, where death, as here, is caused or superinduced by the intentional taking of a narcotic for medical purposes, or, which is the same thing, to lessen pain, or by the advice of a physician, is not a death caused by narcotics within the exception contained in the policy sued on. It seems to us that this qualification is reasonable and fairly implied, and should be interpolated into the exception in order to give effect to what must have been the intention of the parties. It would, we think, be most unreasonable to suppose that by the introduction into the policy of the qualifying words, "if such death shall be caused or superinduced by the use of narcotics or opiates," that the parties thereby intended to prohibit the use by the assured of such narcotics under any and all conditions, or that if he should use narcotics under the advice of a physician or solely to lessen pain occasioned by a physical infirmity, that if death should result therefrom that he should thereby forfeit the indemnity provided in the certificate. Morphine is both an opiate and a narcotic which is so extensively and beneficially used in the modern practice of medicine and surgery for the alleviation of pain and suffering in so many of the ills to which flesh is heir, that it would not be reasonable to suppose that any one of average intelligence would enter into a contract of life insurance containing a stipulation providing, in effect, that if he use this valuable remedial agent either where prescribed for him by a physician or surgeon or where he is suffering pain from a physical ailment and death result therefrom, that the indem-

nity provided shall be, in whole or in part, forfeited, unless his intention to do so is manifested by the clear and unambiguous terms of the instrument. If the insurer had intended to exempt himself from liability where death results from the use of narcotics under the conditions just referred to, it should have introduced into the exception terms clearly expressing such intention. In view of the ruling made by the supreme court of the United States in Davey v. Ins. Co., *supra*, and of the fact that the law disfavors the forfeiture of life insurance policies of every kind, we feel authorized to interpolate into the exemption clause of the present certificate the qualification asserted in plaintiff's instruction.

We are further justified in placing this construction in the exemption clause of the policy by the rule which is, in substance, that where the insurer tenders a policy to a party seeking insurance and uses in the policy ambiguous words, these words will be held to have the meaning most favorable to the insured, as the presumption is that on this construction he took the policy. It is elemental that if a contract of insurance is capable of two meanings, that meaning must be adopted which is most favorable to the insured. Wharton on Contr., sec. 670; Bliss on Ins., sec. 385; Cook on Ins., sec. 4. And so we have declared it to be a rule of construction in cases where there is a doubt in respect to the meaning of the terms of a clause in an insurance policy that the doubt must be resolved in favor of the interpretation of the assured, although intended otherwise by the insurer. Hale v. Ins. Co., 46 Mo. App. 509; La Force v. Ins. Co., 43 Mo. App. 530; Hoffman v. Ins. Co., 56 Mo. App. 301. If the insured took the morphine solely to lessen the pain which he was then suffering, or by the advice of a physician he certainly did not take it with suicidal intent. If he took it under either of these conditions the law will imply that the taking of the overdose was accidental and unintentional. It was not neces-

sary to entitle the plaintiff to recover for the jury to find more than that the morphine was taken solely for the purpose of lessening pain. From this fact, the further fact that the taking of the overdose was accidental and unintentional was clearly implied. The jury could not find the former facts without finding as well the latter. The plaintiff's first instruction told the jury that even though the insured voluntarily took morphine just preceding his death, yet this was no defense to the action if it was further found that it was taken for the sole purpose therein specified.

Their second, in substance, told the jury that if it found for plaintiff under the preceding instruction and against the defense pleaded, that is to say, that the death of the insured was caused by the use of narcotics or opiates, to assess the damages at, etc. This was no more than telling the jury that if the death of the insured was caused under the conditions stated in the latter part of the plaintiffs' first instruction, that then the death of the insured was not caused by a narcotic or opiate within the meaning of the exception contained in the policy. The instruction is quite awkward in expression and is justly subject to criticism on that account. We can not discover that this was prejudicial to the defendant on the merits.

It follows that if we are correct in the construction placed by us on the language of the exemption clause of the policy, that the instructions given for plaintiffs were substantially correct and those refused for defendant were incorrect. The evidence was, in many material respects, quite scant; yet, we can not say that it was insufficient to warrant a submission of the issues to the jury.

The judgment will be affirmed. All concur.